UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-93-KAC-DCP |
| JOVAN SIERRA SANFORD, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jovan Sanford's Motion to Continue Trial and Related Deadlines and Motion Deadline [Doc. 15], filed on September 24, 2024.

Defendant requests that the Court continue the trial date and all deadlines [Doc. 15]. In support of his motion, he states that his counsel has received discovery, but they have not yet met to discuss it [*Id.* ¶ 1]. He awaits further discovery from the Government [*Id.*]. Defendant understands that the time between filing the motion and a rescheduled trial date is fully excludable for speedy trial purposes [*Id.* ¶ 3].

On September 25, 2024, the Court ordered the Government to file a position on the matter of continuance [Doc. 16]. The Government responded that it did not object to Defendant's motion [Doc. 17].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review and discuss discovery and prepare for trial. The Court finds that all of this cannot occur before the November 5, 2024 trial date.

The Court therefore **GRANTS** Defendant Jovan Sanford's Motion to Continue Trial and Related Deadlines and Motion Deadline [**Doc. 15**]. The trial of this case is reset to **February 18, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on September 24, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Jovan Sanford's Motion to Continue Trial and Related Deadlines and Motion Deadline [**Doc. 15**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 18, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 24, 2024**, and the new trial date of **February 18, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 20, 2025**;

(5) the deadline for filing motions *in limine* is **January 31, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 3, 2025, at 2:00 p.m.**; and

2

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 7, 2025**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge