UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-93-KAC-DCP |
| JOVAN SIERRA SANFORD, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jovan Sierra Sanford's Unopposed Motion to Continue Trial and Related Dates [Doc. 23], filed on March 17, 2025.

Defendant asks the Court to continue all deadlines and the April 15, 2025 trial date [Doc. 23]. In support of his motion, Defendant asserts that the parties continue to negotiate about an outcome for the case [*Id.* ¶ 1]. He states that defense counsel expects to meet with him soon about a potential resolution and also needs time to meet with him about videos produced in the case [*Id.*]. Defendant understands that the time between the filing of this motion and a rescheduled trial date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. He represents that the Government does not object to the requested relief [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to meet with Defendant to review discovery material, engage in plea negotiations, and if such negotiations are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the April 15, 2025 trial date.

The Court therefore **GRANTS** Defendant Jovan Sierra Sanford's Unopposed Motion to Continue Trial and Related Dates [**Doc. 23**]. The trial of this case is reset to **July 1, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 17, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Jovan Sierra Sanford's Unopposed Motion to Continue Trial and Related Dates [**Doc. 23**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 1, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **March 17, 2025**, and the new trial date of **July 1, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 2, 2025**;

(5) the deadline for filing motions *in limine* is **June 16, 2025**, and responses to motions *in limine* are due on or before **June 24, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 17, 2025, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 20, 2025.**

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge